UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FIONA GREENIDGE,

                Plaintiff,

    -against-

NYS OFFICE OF TEMPORARY AND
DISABILITY ASSISTANCE DIVISION OF
DISABILITY DETERMINATIONS,

                Defendant.
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 0 4 2015 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

15-CV-5747 (SLT)

**TOWNES, United States District Judge:**

    Plaintiff Fiona Greenidge, proceeding *pro se*, brings this action against a division of the New York State Office of Temporary and Disability Assistance ("OTDA"), seeking monetary damages for discrimination she allegedly suffered after she applied for Social Security benefits. Although there is no indication that plaintiff was ever employed by defendant, plaintiff alleges jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief can be granted and because the OTDA, as a New York State agency, is immune from suit in this Court for money damages.

## BACKGROUND

    The following facts are drawn from plaintiff's pleading, the allegations of which are assumed to be true for the purpose of this memorandum and order.[1] On June 26, 2015, plaintiff

---

[1] Plaintiff's pleading in this case consists of four pages, plus a one-page exhibit. The first page—hereafter, the "Complaint"—is a one-page document which lists the parties and their addresses, invokes jurisdiction pursuant to Title VII, states that the only remedy plaintiff is seeking is "Monetary Damages," and notes that plaintiff's "Statement of Claim" is set forth in an attachment. The remaining three pages—the "Attachment"—are in the form of a letter addressed to an unnamed "Judge."

applied for Social Security disability benefits. (Attachment, p. 1). Plaintiff's pleading does not specify the medical conditions that have allegedly rendered plaintiff disabled but states that plaintiff has a "combination of health problems" that "became life threatening" in May 2013. (*Id.*, p. 1).

Since applying for benefits, plaintiff has been receiving letters from defendant, scheduling appointments relating to illnesses plaintiff does not have. One such letter, dated September 16, 2015, is attached as an exhibit to plaintiff's pleading. That letter directs plaintiff to appear at IMA Disability Services in downtown Brooklyn on October 6, 2015, to be examined by doctors regarding "a lung problem" and "a mental problem." However, plaintiff's application for benefits did not allege either a lung problem or a mental problem and plaintiff has never been diagnosed with a pulmonary or mental illness. (*Id.*, pp. 1-2).

On October 2, 2015—four days before the doctors' appointments—plaintiff commenced this Title VII action, alleging that defendant violated her "[r]ights as an Applicant for Social Security Disability...." (*Id.*, p. 3). Plaintiff's pleading asserts (1) that a police officer from her neighborhood had her involuntarily committed to a mental hospital for observation sometime in 2012 and (2) that she has been "constantly ... harassed and observed by [her] neighborhood Police Precinct" ever since she passed the New York Corrections Officer Exam in 2013. (*Id.*, p. 2). Plaintiff believes that the letters she has received from defendant demonstrate that "a representative at the [OTDA] has been taking orders from Officials in the City who are violating [her] ... Constitutional and Civil Rights ...." (*Id.*, p. 3). However, plaintiff does not allege that her application for Social Security benefits has been denied or otherwise explain how her rights have been violated.

## DISCUSSION

### Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

### Plaintiff's Complaint Fails to State a Claim

Plaintiff's complaint both fails to state a claim upon which relief may be granted and seeks monetary damages from a defendant who is immune from such relief. First, although the Complaint alleges that this Court has jurisdiction under Title VII, plaintiff's pleading fails to

state a claim under that statute. As this Court has advised plaintiff in prior cases, "Title VII makes it unlawful for an employer to fail or refuse to hire ... any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Greenidge v. NYCHA New York City Hous. Auth.*, No. 15-CV-1366 SLT, 2015 WL 5518481, at *6 (E.D.N.Y. Sept. 16, 2015) (internal quotations and citation omitted); *see also Greenidge v. NYC Human Res. Admin.*, No. 14-CV-7360 (SLT), 2015 WL 4879420, at *3 (E.D.N.Y. Aug. 14, 2015) (quoting 42 U.S.C. § 2000e-2(a)(1)); *Greenidge v. NYS Dep't of Labor*, No. 14-CV-4958 (SLT), 2015 WL 170574, at *2 (E.D.N.Y. Jan. 13, 2015), *appeal dismissed*, No. 15-371 (2d Cir. Apr. 6, 2015). Here, plaintiff does not allege that she was ever employed by defendant or that she is a member of a protected class.

Second, while plaintiff's pleading alleges that defendant discriminated against her and violated her rights as an applicant for Social Security benefits, the facts alleged in the Attachment do not suggest that the OTDA has yet taken any actions adverse to plaintiff. The pleading, which was filed four days prior to the doctors' appointment, does not allege that plaintiff's application for disability benefits has been disapproved or otherwise adjudicated. If plaintiff's claim for benefits is disapproved, the OTDA or Social Security Administration will explain how she can administratively appeal that determination. Plaintiff is required to exhaust her administrative remedies prior to filing a claim for denial of benefits in this Court. *See* 42 U.S.C. § 405(g); *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983).

### *OTDA has Eleventh Amendment Immunity from Federal Suits for Money Damages*

Even if plaintiff were able to amend her pleading to allege a constitutional or federal statutory violation, plaintiff's complaint would be dismissed because the OTDA enjoys Eleventh Amendment immunity with respect to claims for monetary damages. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Although the express language of this Amendment does not prohibit a state's own citizens from maintaining an action against the state in federal court, the Supreme Court has "extended a State's protection from suit to suits brought by the State's own citizens." *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

The OTDA is an agency of the State of New York and, accordingly, enjoys Eleventh Amendment immunity against claims for damages. *See, e.g., McCluskey v. Comm'r of Nassau County Dep't of Soc. Servs.*, No. 12-CV-3852 (JFB)(ETB), 2013 WL 4780954, at *1 (E.D.N.Y. Sept. 5, 2013); *Cincotta v. N.Y.C. Human Res. Admin.*, No. 00 Civ. 9064 (JGK), 2001 WL 897176, at *9 (S.D.N.Y. Aug. 9, 2001). To be sure, a state can waive its Eleventh Amendment protection and allow a federal court to hear and decide a case commenced or prosecuted against it. *Couer d'Alene Tribe of Idaho*, 521 U.S. at 267. Moreover, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Bd. of Trs. of Univ. of Alabama v.*

*Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000)).

If plaintiff were to allege facts suggesting a violation of plaintiff's constitutional or federal statutory rights, the Court could liberally construe the pleading as alleging claims under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). However, this section itself "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993), *cert. denied*, 512 U.S. 1240 (1994). It is well established § 1983 does not abrogate the States' Eleventh Amendment immunity, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594-95 (2d Cir. 1990), and there is nothing to suggest that New York State has waived its Eleventh Amendment immunity with respect to suits of this sort.

***Warning***

Since mid-August 2014, plaintiff has filed eight *pro se* complaints with this Court. With one exception, all of the other actions have been dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Greenidge v, Baya Moving & Storage*, No. 15-CV-5944 (SLT), slip op. at 9 (E.D.N.Y. Nov. 3, 2015); *Greenidge v. NYCHA New York City Hous. Auth.*, 2015 WL 5518481, at *9; *Greenidge v. NYC Human Res. Admin.*, 2015 WL 4879420, at *5; *Greenidge v. Bklyn Landlord Tenant Ct.*, No. 15-CV-1144, slip op. at 11 (E.D.N.Y. Mar. 9, 2015); *Greenidge v. State Processing Ctr.*, No. 14-CV-7361 (SLT), 2015 WL 502231, at *4

(E.D.N.Y. Feb. 5, 2015); *Greenidge v. NYS Dep't of Labor*, 2015 WL 170574, at *3. Five of the above-cited opinions were issued before the complaint in this action was filed. As noted above, at least three of the cases alleged Title VII violations. Moreover, in two of those cases, the Court explained Eleventh Amendment immunity in some detail. *Greenidge v. State Processing Ctr.*, 2015 WL 502231, at *3; *Greenidge v. NYS Dep't of Labor*, 2015 WL 170574, at *3.

"[D]istrict courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted; brackets in original). Indeed, the Second Circuit has held that a filing injunction "is appropriate when a plaintiff 'abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings.'" *Id.* (brackets in original) (quoting *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir.1981) (per curiam)); *see also Malley v. N.Y. City Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997) (per curiam). Plaintiff is warned that if she files actions in the future which ignore guidance offered in this and previous opinions or which repeat claims that have already been dismissed, the Court may direct her to show cause why a filing injunction should not issue prohibiting her from filing additional actions without first obtaining the Court's permission.

## CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted and because this action is barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Plaintiff is warned that any actions she may file in the future are not to repeat claims that have already been dismissed in prior cases or to ignore guidance offered in this and previous opinions.

**SO ORDERED**.

/s/ *Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

Dated: November 4, 2015
Brooklyn, New York